**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2413
_____

JAMES FRASER,
Appellant

v.

THE PENNSYLVANIA STATE UNIVERSITY, a Pennsylvania educational institution;
DR. ROBERT PAULSON, an individual, in his official and individual capacities; DR.
MELISSA ROLLS, an individual, in her official and individual capacities; DR.
ANDREW READ, an individual, in his official and individual capacities; KEYSTONE
NANO, INC., a Pennsylvania Business Corporation; DR. MARK KESTER, an
individual, in his official and individual capacities

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-22-cv-00726)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a) on May 7, 2024

Before: PORTER, MONTGOMERY-REEVES and ROTH, *Circuit Judges*.

(Filed: August 22, 2024)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge*.

James Fraser appeals the order of the District Court dismissing his amended complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Our review of the District Court's dismissal is plenary. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 188 (3d Cir. 2002).

Fraser asserted claims against Pennsylvania State University and various members of its faculty and against Keystone Nano, Inc., alleging that while he was a graduate student he was forced to complete work outside the scope of his thesis. He alleged violations of his free speech rights under the First Amendment and his substantive and procedural due process rights under the Fourteenth Amendment. He also alleged violations of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* After reviewing the appellate briefs of the parties and the record, we conclude that the District Court's opinion was sound in dismissing each of Fraser's federal claims. We see no need to expand upon its opinion in this regard.

Because it dismissed all of Fraser's federal claims, the District Court declined to exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). We review such decisions for abuse of discretion. *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 175 (3d Cir. 1999). The District Court did not abuse its discretion here. So, to keep his state law claims in federal court, Fraser needs diversity jurisdiction. 28 U.S.C. § 1332; 28 U.S.C.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. This court has jurisdiction over the District Court's final order. 28 U.S.C. § 1291.

2

§ 1367(a). We have held that the party invoking diversity jurisdiction "bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Auto-Owners Ins. Co. v. Stevens & Ricc Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (citation omitted). However, "that burden is not especially onerous." *Id.* Dismissal is only warranted if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount[.]" *Id.* (citation omitted). Puzzlingly, Fraser only pled diversity jurisdiction "insofar as the amount in controversy exceeds $75,000." App. 350. The District Court's opinion did not consider whether Fraser pleaded an amount in controversy. We will therefore vacate and remand for the District Court to consider whether Fraser's pleadings were sufficient to confer diversity jurisdiction.

* * *

Accordingly, we will affirm the portion of the District Court's order dismissing Fraser's federal claims and vacate and remand the portion of the order dismissing his state law claims.